# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00016-MR

| | |
|---|---|
| RONALD McCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL BUTLER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration. [Doc. 19].

Plaintiff previously moved the Court to appoint counsel for Plaintiff. [Doc. 9]. As grounds, the Plaintiff stated, among other things, that he does not have access to a law library, that Defendants have a "pattern of withholding discovery," and that other courts have granted discovery to plaintiffs in like cases. [Doc. 9]. The Court denied the Plaintiff's motion because he failed to present exceptional circumstances to require the Court to appoint counsel for Plaintiff. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Plaintiff now moves the Court for reconsideration of this denial, but only with respect to the conduct of discovery in this case. [Doc. 19]. As grounds,

Plaintiff again argues that counsel for Defendants will seek to hide evidence. [Id. at 2]. Plaintiff then recounts some factual allegations, as well as evidence that Plaintiff believes defense counsel will hide. [Id. at 2-3]. Plaintiff also attaches documents from other cases not before this Court and which are irrelevant to the Court's decision here. [See Doc. 19 at 4-17].

A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has again failed to present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion for reconsideration will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 19] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 24, 2019

Martin Reidinger
United States District Judge