# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00016-MR

| | |
|---|---|
| RONALD MCCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL BUTLER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I. BACKGROUND

Pro se Plaintiff Ronald McClary ("Plaintiff") is a North Carolina state inmate currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. He filed this action on February 11, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1].

Plaintiff alleges that Defendant Michael Butler, identified as an officer at Alexander Correctional Institution ("Alexander"), violated his Eighth Amendment rights under the U.S. Constitution. On May 14, 2018, at 7:30 a.m., when Plaintiff was housed at Alexander, Defendant Butler sexually

assaulted Plaintiff by grabbing and squeezing Plaintiff's testicles. [Doc. 1 at 4-5]. Plaintiff's alleges that the assault caused Plaintiff "pain" and that Plaintiff was not allowed to "go to medical" after the incident. [Id. at 5]. For relief, Plaintiff seeks compensatory and punitive damages.

Plaintiff has previously filed an essentially identical action in this Court under 42 U.S.C. § 1983 naming Defendant Butler as the sole defendant for the same alleged conduct, Civil Case Nos. 5:18-cv-00098-FDW ("CV-98"). Plaintiff filed the first action on June 15, 2018. [CV-98, Doc. 1]. It survived initial review. [Id., Doc. 8]. On February 1, 2019, however, the first action was dismissed without prejudice on Defendant's motion for summary judgment for Plaintiff's failure to exhaust administrative remedies. [Id., Doc. 28]. Plaintiff appealed and the Fourth Circuit Court of Appeals affirmed the Court's Judgment.[1] [Id., Docs. 30, 35].

Plaintiff filed the instant Complaint ten days later, on February 11, 2019. [Doc. 1]. Plaintiff attached documents to his Complaint reflecting exhaustion of his administrative remedies. [See Doc. 1-1].

---

[1] On July 26, 2018, Plaintiff filed yet another action that is essentially identical to that presented herein. 5:18-cv-00118-FDW ("CV-118"). In that second action, Plaintiff tried to bring the same claim as in the first action and, this time, included his exhaustion record. That second case was dismissed, however, because the first action, which involved the same claim against the same defendant, was still pending. [CV-118, Docs. 1, 8]. Plaintiff appealed the dismissal of the second action and the Fourth Circuit Court of Appeals affirmed the Court's Judgment. [Id., Docs. 10, 14]. The present case is the Plaintiff's third attempt at bringing this claim.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an

4

excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010). Also, it is well-settled that the Eighth Amendment protects inmates from sexual abuse, see Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000), including abuse by prison guards, De'lonta v. Clarke, No. 7:11-cv-00483, 2013 WL 209489, at *4 (W.D. Va. Jan. 14, 2013) (collecting cases).

Here, Plaintiff alleges that Defendant grabbed and squeezed his testicles and that Plaintiff was in pain afterwards. This Court has previously held that this claim survives initial review, only to dismiss without prejudice for failure to exhaust administrative remedies. Plaintiff has now plausibly shown that he has exhausted his administrative remedies. The Court, therefore, again finds that this action survives initial review. That is, taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states an Eighth Amendment claim against Defendant Butler.

**IV.   CONCLUSION**

For the foregoing reasons, the Court concludes that the Plaintiff's Complaint against Defendant Butler for violation of Plaintiff's Eighth Amendment rights survives initial review.

This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Butler, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Butler, who is alleged to be a current or former employee of NCDPS.

**IT IS SO ORDERED.**

Signed: November 22, 2019

Martin Reidinger
United States District Judge