UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00016-MR

| | |
|---|---|
| RONALD MCCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL BUTLER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's "Amended Supplemental" Complaint [Doc. 31], filed under 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.   BACKGROUND**

*Pro se* Plaintiff Ronald McClary ("Plaintiff") is a North Carolina state inmate currently incarcerated at Southern Correctional Institution in Troy, North Carolina. He filed this action on February 11, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. In his original Complaint, Plaintiff alleged that, on May 14, 2018, Defendant Michael Butler, identified as an officer at Alexander Correctional Institution ("Alexander"), violated his Eighth Amendment rights under the U.S. Constitution when Defendant Butler sexually assaulted

Plaintiff by grabbing and squeezing Plaintiff's testicles. [Doc. 1 at 4-5]. Plaintiff alleged that the assault caused Plaintiff "pain" and that Plaintiff was not allowed to "go to medical" after the incident. [Id. at 5]. Plaintiff's original Complaint survived initial review. [Doc. 25].

Plaintiff has now filed an "Amended Supplemental" Complaint in which he seeks to add Ken Poteat, identified as the Unit Manager at Alexander, as a Defendant in this matter "per Rule 15(A) 15(d)." [Doc. 31 at 3]. Plaintiff claims Mr. Poteat "knew of the problems [Plaintiff] had with [Defendant] Butler and Poteat encouraged Butler to sexually assault [Plaintiff]." Plaintiff claims there are "letters to Poteat to prove it." [Id.]. In his amended Complaint, Plaintiff makes no allegations regarding Defendant Butler's conduct. Plaintiff also makes no allegations regarding what injury, if any, he suffered as a result of Defendant Poteat's alleged conduct.

Plaintiff seeks monetary relief. [Doc. 31 at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss

2

Case 5:19-cv-00016-MR Document 34 Filed 04/20/20 Page 2 of 7

the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## II. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312,

3

319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010). Also, it is well-settled that the Eighth Amendment protects inmates from sexual abuse, see Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000), including abuse by prison guards, De'lonta v. Clarke, No. 7:11-cv-00483, 2013 WL 209489, at *4 (W.D. Va. Jan. 14, 2013) (collecting cases).

Further, the negligent failure to protect an inmate from assaults by other prisoners, or by other prison guards, does not rise to the level of an

4

Case 5:19-cv-00016-MR   Document 34   Filed 04/20/20   Page 4 of 7

unconstitutional violation. Davidson v. Cannon, 474 U.S. 344, 348 (1986). To show deliberate indifference, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, a plaintiff sufficiently alleges a failure to intervene by a prison official where the plaintiff states that the official observed an altercation and failed to respond. Brown v. N.C. Dept. of Corrections, 612 F.3d 720, 723 (4th Cir. 2010).

Here, Plaintiff alleges that Defendant Poteat, identified as a Unit Manager at Alexander, knew of Plaintiff's "problems" with Defendant Butler and encouraged Defendant Butler to sexually assault Plaintiff. [Doc. 31 at 3]. As noted, however, Plaintiff makes no allegations against Defendant Butler in his amended Complaint.

As for Defendant Poteat, taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff fails to state an Eighth Amendment claim against Defendant Poteat. Plaintiff does not allege that a sexual assault actually occurred.

5

Plaintiff also fails to allege any injury. If the Court were to combine Plaintiff's original Complaint and Plaintiff's amended Complaint, the outcome may be different. Once a plaintiff amends his complaint, however, the original complaint is superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). If the Court were to allow Plaintiff to proceed on this purported amended Complaint, Plaintiff's original Complaint would be superseded and his claim against Defendant Butler lost. A plaintiff, therefore, may not (and should not) amend his complaint in piecemeal fashion.

As such, the Court will allow Plaintiff an opportunity to amend his Complaint to assert all the claims Plaintiff intends to bring against all the Defendants he intends to sue.

### III. CONCLUSION

For the foregoing reasons, Plaintiff may file an amended complaint as provided in this Order.

6

Case 5:19-cv-00016-MR   Document 34   Filed 04/20/20   Page 6 of 7

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff may, within thirty (30) days of this Order, file an amended complaint in accordance with the terms of this Order. If Plaintiff fails to timely file an amended complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

Signed: April 20, 2020

Martin Reidinger
United States District Judge