UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00016-MR

RONALD MCCLARY, )
)
        Plaintiff, )
)
vs. ) **ORDER**
)
MICHAEL BUTLER, et al., )
)
        Defendants. )
_____ )

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint [Doc. 37], filed under 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.    BACKGROUND**

*Pro se* Plaintiff Ronald McClary ("Plaintiff") is a North Carolina state inmate currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. He filed this action on February 11, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. In his original Complaint, Plaintiff alleged that, on May 14, 2018, Defendant Michael Butler, identified as an officer at Alexander Correctional Institution ("Alexander"), violated his Eighth Amendment rights under the U.S. Constitution when Defendant Butler sexually assaulted Plaintiff by grabbing and squeezing Plaintiff's testicles. [Doc. 1 at 4-5].

Plaintiff alleged that the assault caused Plaintiff "pain" and that Plaintiff was not allowed to "go to medical" after the incident. [Id. at 5]. Plaintiff's original Complaint survived initial review.[1] [Doc. 25].

Then, Plaintiff filed an "Amended Supplemental" Complaint in which he sought to add Ken Poteat, identified as the Unit Manager at Alexander, as a Defendant in this matter "per Rule 15(A) 15(d)." [Doc. 31 at 3]. Plaintiff claimed Mr. Poteat "knew of the problems [Plaintiff] had with [Defendant] Butler and Poteat encouraged Butler to sexually assault [Plaintiff]." Plaintiff claims there are "letters to Poteat to prove it." [Id.]. In this amended Complaint, Plaintiff made no allegations regarding Defendant Butler's conduct. Plaintiff also made no allegations regarding what injury, if any, he suffered as a result of Defendant Poteat's alleged conduct. The Court ordered that Plaintiff had failed to state a claim upon which relief could be granted as to Defendant Poteat and allowed Plaintiff the opportunity to amend his Complaint to assert all the claims Plaintiff intends to bring against all the Defendants he intends to sue. [Doc. 34].

---

[1] A request for waiver of service on Defendant Butler was sent the N.C. Department of Public Safety (NCDPS) on November 11, 2019 and due by January 24, 2020. [Doc. 26]. The executed waiver was not returned until April 22, 2020 [Doc. 35] and was, therefore, untimely.

2

Plaintiff has now filed his Second Amended Complaint. [Doc. 37]. In this second amended Complaint, Plaintiff omits Ken Poteat as a Defendant in this matter and names only Michael Butler as a Defendant. Plaintiff essentially realleges the same facts as alleged in his original Complaint. [Id. at 5]. Plaintiff, again, seeks monetary relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not

3

permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The allegations in Plaintiff's second amended Complaint against Defendant Butler are substantially similar to those alleged in his original Complaint. As such, the Court herein adopts by reference its analysis of that claim and finds that Plaintiff states an Eighth Amendment claim against Defendant Butler. [See Doc. 25 at 4-5].

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's second amended Complaint against Defendant Butler for violation of Plaintiff's Eighth Amendment rights survives initial review.

This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule

4.3 for Defendant Butler, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Butler, who is alleged to be a current or former employee of NCDPS.

**IT IS SO ORDERED**.

Signed: May 22, 2020

Martin Reidinger
United States District Judge