# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00016-MR

| | |
|---|---|
| RONALD MCCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL BUTLER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Set Aside [D.E. 6] or, in the Alternative, Motion to Dismiss [Doc. 51] and on Plaintiff's Motion for Default Judgment [Doc. 53], which the Court construes as motion for entry of default.

**I.  BACKGROUND**

*Pro se* Plaintiff Ronald McClary ("Plaintiff") is a North Carolina state inmate currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. He filed this action on February 11, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. In his original Complaint, Plaintiff alleged that, on May 14, 2018, Defendant Michael Butler, identified as an officer at Alexander Correctional Institution ("Alexander"), violated his Eighth Amendment rights under the U.S. Constitution when Defendant Butler sexually assaulted

Plaintiff by grabbing and squeezing Plaintiff's testicles. [Doc. 1 at 4-5]. Plaintiff alleged that the assault caused Plaintiff "pain" and that Plaintiff was not allowed to "go to medical" after the incident. [Id. at 5]. On April 5, 2019, after having received the Plaintiff's Prisoner Trust Account Statement, the Clerk entered an Order waiving Plaintiff's initial partial filing fee and directing Plaintiff's correctional facility to transmit partial payments. [Doc. 6].

Plaintiff's original Complaint survived initial review. [Doc. 25]. Plaintiff filed an Amended Complaint attempting to add another Defendant. The Court reviewed the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and found that Plaintiff had failed to state a claim upon which relief could be granted. [Docs. 31, 34]. The Court allowed Plaintiff the opportunity to amend his Complaint to assert all the claims Plaintiff intended to bring against all the Defendants he intended to sue. [Doc. 34]. On May 4, 2020, Plaintiff filed a Second Amended Complaint in which he named only Michael Butler as a Defendant and essentially realleged the same facts as in his original Complaint. [Doc. 37]. On May 26, 2020, the Court reviewed the Second Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A and allowed it to proceed. [Doc. 39].

Defendant Butler waived service on July 24, 2020, making his answer due on September 22, 2020. [See Doc. 47]. On September 22, 2020,

2

Case 5:19-cv-00016-MR   Document 55   Filed 10/23/20   Page 2 of 6

Defendant filed the instant motion to set aside the Order allowing Plaintiff to proceed without prepayment of costs and fees, requiring Plaintiff to prepay the filing fee, or, in the alternative, to dismiss Plaintiff's complaint. [Doc. 51].

In support of these alternative motions, Defendant argues that, "as of [the] date [of this motion], Plaintiff has incurred at least three strikes under 28 U.S.C. § 1915(g)," and is therefore "prohibited from proceeding in this court *in forma pauperis*." [Doc. 52 at 4]. Defendant lists seven different cases filed by Plaintiff in the United States District Courts for the Eastern and Middle Districts of North Carolina which were either dismissed as frivolous or for failure to state a claim upon which relief may be granted. [Id. at 3-4]. The first of these cases was dismissed on April 27, 2016 and the remainder were dismissed between July 22, 2019 and March 16, 2020. [Id.]. Defendant asks the Court to "enter an order prohibiting this action [from] proceeding any further unless and until Plaintiff prepays the fees and costs owed." [Id.]. A few days later Plaintiff filed a motion for default judgment claiming that Defendant had not filed an "answer or other defenses." [Doc. 53]. Plaintiff also filed a response to Defendant's pending motion. [Doc. 54].

## II. DEFENDANT'S MOTION

Title 28, Section 1915 regards proceedings in forma pauperis, that is, without prepayment of fees for "commencement, prosecution or defense of

3

any suit, action or proceeding…." 28 U.S.C. § 1915(a)(1). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent damager of serious physical injury.

28 U.S.C. § 1915(g).

Here, Plaintiff filed this action on February 11, 2019. [Doc. 1]. At the time, Plaintiff had one strike for the dismissal of an action in the Eastern District, McClary v. Hargrove, 5:15-CT-3270-D, as frivolous. [See Doc. 52 at 3-4; Doc. 52-1]. Since filing the instant action, Plaintiff has "earned" at least six more strikes. [See Doc. 52 at 4; Docs. 52-2 to 52-7]. Defendant now asks the Court to invoke § 1915(g) to set aside the Order allowing Plaintiff to proceed without the prepayment of fees and to "prohibit[ ] this action [from] proceeding any further unless and until Plaintiff prepays the fees and costs owed." [Doc. 52 at 4]. Defendant, however, cites no authority for such a result. Plaintiff did not earn three or more strikes until after he filed the instant proceedings. The plain language of the statute does not support the relief Defendant seeks here. Defendant also provides no argument in

4

support of the alternatively requested dismissal of Plaintiff's complaint. In fact, the case law opposes such a result. See Taylor v. Grubbs, 930 F.3d 611, 617 (4th Cir. 2019) ("Courts therefore count a prisoner's strikes as of the date the prisoner files the complaint or appeal.") (Citations omitted).

While Plaintiff will certainly be prospectively precluded from filing actions under § 1915, the Court is without authority here to grant Defendant the relief he seeks. Defendant's motion will, therefore, be dismissed.

## III. MOTION FOR ENTRY OF DEFAULT

Rule 55(a) of the Federal Rules of Civil Procedure provides that the clerk must enter the default of a party against whom judgment is sought "[w]hen [such] party … has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Here, Plaintiff moves for entry of default against Defendant on the ground that Defendant had not answered or asserted "other defenses" by September 22, 2020. Plaintiff states no other grounds for entry of default.[1] [Doc. 53]. Although the envelope appears to have been postmarked September 23, 2020, as noted by Plaintiff, the motion was timely filed with the Court on September 22, 2020 and the Certificate of Service states that it

---

[1] In his response to Defendant's pending motion, Plaintiff, however, asserts that the envelope containing the copy of that motion was postmarked September 23, 2020 and, therefore, "counsel missed the deadline" and "default should be granted." [Doc. 54 at 2].

5

was deposited with the U.S. Postal Service on the 22nd. [See id. at 2]. The postmark bearing the date of the day immediately following the date on the certificate of service does not refute the certificate, as the document need only have been deposited with the USPS on the date stated. Moreover, resolution of disputes on the merits is highly favored. See Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). Furthermore, Plaintiff has suffered no prejudice for having possibly received Defendant's motion one day late. The Court will, therefore, deny Plaintiff's motion for entry of default.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to set aside the Clerk's order granting Plaintiff *in forma pauperis* status, or in the alternative to dismiss, will be denied. Plaintiff's motion for entry of default will also be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Set Aside [D.E. 6] or, in the Alternative, Motion to Dismiss [Doc. 51] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [Doc. 53] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 23, 2020

Martin Reidinger
Chief United States District Judge