UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00016-MR

| RONALD MCCLARY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| MICHAEL BUTLER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's "Motions for Leave Judicial Notice" [Docs. 64, 65] and "Motion to Compel Motion to Seal" [Doc. 66].

**I.     BACKGROUND**

*Pro se* Plaintiff Ronald McClary ("Plaintiff") is a North Carolina state inmate currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. He filed this action on February 11, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. In his original Complaint, Plaintiff alleged that, on May 14, 2018, Defendant Michael Butler, identified as an officer at Alexander Correctional Institution ("Alexander"), violated his Eighth Amendment rights under the U.S. Constitution when Defendant Butler sexually assaulted Plaintiff by grabbing and squeezing Plaintiff's testicles.  [Doc. 1 at 4-5].

Plaintiff alleged that the assault caused Plaintiff "pain" and that Plaintiff was not allowed to "go to medical" after the incident. [Id. at 5].

Plaintiff's Complaint survived initial review.[1] [Doc. 25]. Defendant Butler answered Plaintiff's Complaint. [Doc. 56]. The Court entered a Pretrial Order and Case Management Plan (PTOCMP) appointing the North Carolina Prisoner Legal Services (NCPLS) as counsel for Plaintiff for the limited purpose of conducting discovery in this matter. [Doc. 57]. The PTOCMP set the discovery completion deadline as February 25, 2021 and the dispositive motions' deadline as March 29, 2021. [Id.]. On February 10, 2021, Plaintiff's NCPLS counsel advised the Court that he had assisted Plaintiff in conducting discovery and that, in his opinion, the appointment of counsel was not required in this action. [Doc. 61]. The Court then granted NCPLS counsel's motion to withdraw as Plaintiff's attorney. [Docs. 62, 63].

---

[1] Plaintiff filed an Amended Complaint attempting to add another Defendant. The Court reviewed the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and found that Plaintiff had failed to state a claim upon which relief could be granted. [Docs. 31, 34]. The Court allowed Plaintiff the opportunity to amend his Complaint to assert all the claims Plaintiff intended to bring against all the Defendants he intended to sue. [Doc. 34]. On May 4, 2020, Plaintiff filed a Second Amended Complaint in which he named only Michael Butler as a Defendant and essentially realleged the same facts as in his original Complaint. [Doc. 37]. On May 26, 2020, the Court reviewed the Second Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A and allowed it to proceed. [Doc. 39].

## II.  PLAINTIFF'S "MOTION[S] FOR LEAVE JUDICIAL NOTICE"

Plaintiff now moves for "leave of court to inform the court the defendant has offered a (false) video in the discovery request and it is mens rea." [Doc. 64; see Doc. 65].  As noted, Plaintiff alleges that the incident at issue occurred on May 14, 2018.  Plaintiff contends that Defendant produced a video in discovery containing footage from May 18, 2018.  [See Doc. 65 at 4].  Plaintiff claims this video is "false."  [See Docs. 64, 65].  Plaintiff states, that although he has not viewed the video from May 18, 2018, he "can [prove] by demonstrative evidence that said video is absolutely false."  [Doc. 64 at 6].  Plaintiff claims that defense counsel intended to "mislead the court" with the video.  [Doc. 64 at 3, 6].  Plaintiff also requests that the Court order that Plaintiff be allowed to view this video.  [Doc. 65 at 2].  The Court will deny Plaintiff's motions for leave except for Plaintiff's request to view the video.  If, after viewing the video, Plaintiff still believes it is "false," Plaintiff may address the video in his summary judgment submissions.

## III.  PLAINTIFF'S "MOTION TO COMPEL MOTION TO SEAL"

Plaintiff also moves the Court "to order certain documents not offered during discovery request" and includes a list of documents that he seeks. [Doc. 66 at 1].  Plaintiff also asks the Court to seal certain documents he submitted with his motion to compel.  [Id.].  As to his motion to compel,

3

Case 5:19-cv-00016-MR   Document 68   Filed 03/10/21   Page 3 of 6

Plaintiff does not include copies of any disputed discovery requests with his motion, nor does he certify that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance as required by Federal Rule of Civil Procedure 37(a)(1). Furthermore, the discovery deadline expired before Plaintiff filed his motion to compel and Plaintiff has not sought an extension of the discovery deadline. The Court, therefore, will deny Plaintiff's motion to compel.

As to Plaintiff's motion to seal, it appears Plaintiff wants the Court to seal letters he submitted with his motion to compel that were written between Plaintiff and his attorney. [See Doc. 66 at 6-9]. Plaintiff states that he submitted these letters "to get to the truth," but that the letters are confidential and that he wants them sealed. [Doc. 66 at 2]. Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to Plaintiff's motion. Plaintiff filed his motion of March 4, 2021, and it has been accessible through the

Court's electronic case filing system since that time. Plaintiff, however, has not demonstrated that the subject letters contain sensitive information and that the public's right of access to such information is substantially outweighed by the Plaintiff's competing interest in protecting the details of such information. By providing these letters with his motion, Plaintiff waived that attorney client privilege at least with respect to the content of these letters. Sealing them does not restore that privilege and Plaintiff states no other grounds for sealing the letters. As such, the Court will deny Plaintiff's motion to seal.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions will be denied except that the Court will order that Plaintiff be allowed to view any videos produced by Defendant in discovery in this matter.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Leave [Doc. 65] is **GRANTED** insofar as Plaintiff shall be allowed to view any videos produced by Defendant in discovery in this matter. Any other relief sought in Plaintiff's Motion for Leave [Doc. 65] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave [Doc. 64] and Plaintiff's "Motion to Compel Motion to Seal" [Doc. 66] are **DENIED.**

**IT IS FURTHER ORDERED** that the Warden at Tabor Correctional Institution (or at Plaintiff's current place of incarceration) shall arrange for Plaintiff to view the subject video within twenty-one (21) days of this Order and that defense counsel shall ensure that a copy of any videos produced by Defendant in discovery in this matter are available for Plaintiff to view at the appropriate time.

The Clerk is instructed to mail a copy of this Order to the Warden at Tabor Correctional Institution.

**IT IS SO ORDERED**.

Signed: March 10, 2021

Martin Reidinger
Chief United States District Judge