# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00016-MR

| | | |
|---|---|---|
| RONALD MCCLARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MICHAEL BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel. [Doc. 83].

*Pro se* Plaintiff Ronald McClary ("Plaintiff") is a North Carolina state inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. He filed this action on February 11, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. In his original Complaint, Plaintiff alleged that, on May 14, 2018, Defendant Michael Butler, identified as an officer at Alexander Correctional Institution ("Alexander"), violated his Eighth Amendment rights under the U.S. Constitution when Defendant Butler sexually assaulted Plaintiff by grabbing and squeezing Plaintiff's testicles. [Doc. 1 at 4-5]. Plaintiff alleged that the assault caused Plaintiff "pain" and that Plaintiff was not allowed to "go to medical" after the incident. [Id. at 5].

Plaintiff's Complaint survived initial review.[1] [Doc. 25]. On May 28, 2021, Defendant Butler moved for summary judgment. [Doc. 75]. Defendant also moved to manually file a video in support of his summary judgment motion. [Doc. 79]. The Court granted Defendant's motion to file the video and ordered that Defendant "shall make a copy of the [video] available for viewing by Plaintiff through the staff at the facility at which Plaintiff is currently housed" within 10 days of that Order. [Doc. 80]. The deadline for Defendant to make the video available to Plaintiff was June 13, 2021. [See id.].

On June 14, 2021, Plaintiff mailed the pending motion to compel. [See Doc. 83-1]. Plaintiff asserts that the video has not been made available to him for viewing at Alexander, although Plaintiff has responded to Defendant's summary judgment motion.[2] [Docs. 82, 83]. Before the Court rules on Plaintiff's motion to compel, it will require Defendant and his counsel

---

[1] Plaintiff filed an Amended Complaint attempting to add another Defendant. The Court reviewed the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and found that Plaintiff had failed to state a claim upon which relief could be granted. [Docs. 31, 34]. The Court allowed Plaintiff the opportunity to amend his Complaint to assert all the claims Plaintiff intended to bring against all the Defendants he intended to sue. [Doc. 34]. On May 4, 2020, Plaintiff filed a Second Amended Complaint in which he named only Michael Butler as a Defendant and essentially realleged the same facts as in his original Complaint. [Doc. 37]. On May 26, 2020, the Court reviewed the Second Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A and allowed it to proceed. [Doc. 39].

[2] Plaintiff has and continues to maintain that the video submitted by Defendant, which depicts events occurring on May 18, 2018, is a "false video." Plaintiff claims the incident occurred on May 14, 2018, not May 18, 2018, and that "Alexander destroyed the 5-14-18 video because it [shows] guilt and a false video [was] given to cover-up and mislead the court." [Doc. 83 at 2].

to update the Court on the status of Plaintiff's viewing of the video at Alexander. If the video has not yet been made available for Plaintiff's viewing, counsel shall advise the Court regarding her efforts to comply with the Court's Order and any impediments encountered at Alexander to gain compliance with the Court's Order.

### **ORDER**

**IT IS, THEREFORE, ORDERED** that within seven (7) days of this Order counsel for Defendant Butler shall provide the Court with a detailed update on the status of Plaintiff's viewing of the video and any efforts made by counsel to comply with the Court's Order in accordance with the terms of this Order

**IT IS SO ORDERED**.

Signed: June 21, 2021

Martin Reidinger
Chief United States District Judge