# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00016-MR

| | |
|---|---|
| RONALD MCCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL BUTLER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel [Doc. 83] and on Defendant's Response to Plaintiff's Motion to Compel [Doc. 85].

*Pro se* Plaintiff Ronald McClary ("Plaintiff") is a North Carolina state inmate currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. He filed this action on February 11, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. In his original Complaint, Plaintiff alleged that, on May 14, 2018, Defendant Michael Butler, identified as an officer at Alexander Correctional Institution ("Alexander"), violated his Eighth Amendment rights under the U.S. Constitution when Defendant Butler sexually assaulted Plaintiff by grabbing and squeezing Plaintiff's testicles. [Doc. 1 at 4-5]. Plaintiff alleged that the assault caused Plaintiff "pain" and

that Plaintiff was not allowed to "go to medical" after the incident. [Id. at 5].

Plaintiff's Complaint survived initial review.[1] [Doc. 25]. On May 28, 2021, Defendant Butler moved for summary judgment. [Doc. 75]. Defendant also moved to manually file a video in support of his summary judgment motion. [Doc. 79]. The Court granted Defendant's motion to file the video and ordered that Defendant "shall make a copy of the [video] available for viewing by Plaintiff through the staff at the facility at which Plaintiff is currently housed" within 10 days of that Order. [Doc. 80]. The deadline for Defendant to make the video available to Plaintiff was June 13, 2021. [See id.].

On June 14, 2021, Plaintiff mailed the pending motion to compel. [See Doc. 83-1]. Plaintiff asserts that the video has not been made available to him for viewing at Alexander, although Plaintiff responded to Defendant's summary judgment motion.[2] [Docs. 82, 83]. Before ruling on Plaintiff's

---

[1] Plaintiff filed an Amended Complaint attempting to add another Defendant. The Court reviewed the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and found that Plaintiff had failed to state a claim upon which relief could be granted. [Docs. 31, 34]. The Court allowed Plaintiff the opportunity to amend his Complaint to assert all the claims Plaintiff intended to bring against all the Defendants he intended to sue. [Doc. 34]. On May 4, 2020, Plaintiff filed a Second Amended Complaint in which he named only Michael Butler as a Defendant and essentially realleged the same facts as in his original Complaint. [Doc. 37]. On May 26, 2020, the Court reviewed the Second Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A and allowed it to proceed. [Doc. 39].

[2] Plaintiff has and continues to maintain that the video submitted by Defendant, which depicts events occurring on May 18, 2018, is a "false video." Plaintiff claims the incident occurred on May 14, 2018, not May 18, 2018, and that "Alexander destroyed the 5-14-18 video because it [shows] guilt and a false video [was] given to cover-up and mislead the court." [Doc. 83 at 2].

motion to compel, the Court ordered Defendant to update the Court on the status of Plaintiff's viewing of the video at Alexander. [Doc. 84]. The deadline for such status update has not expired and Defendant has not yet responded. Defendant has, however, responded to Plaintiff's motion to compel. [Doc. 85]. In Defendant's Response, Defendant asserts that Plaintiff viewed the subject video, which had been produced by Defendant in discovery, on March 18, 2021 and Plaintiff signed a Receipt and Acknowledgment, acknowledging that he viewed it. [Doc. 85 at ¶ 9]. The Receipt and Acknowledgment is attached as an exhibit to Defendant's Response. [Doc. 85-1]. It is clearly signed and dated by Plaintiff. [See id.]. As such, because Plaintiff has already viewed the video, his motion to compel will be denied. **Plaintiff is strongly admonished against filing any further motions with the Court based on falsehoods, which merely serve to waste the Court's time and resources and also subject Plaintiff to the possibility of sanctions.** See Fed. R. Civ. P. 11(c).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to compel [Doc. 83] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant need not comply with the Court's Order at Docket No. 84.

**IT IS SO ORDERED**.

Signed: June 24, 2021

Martin Reidinger
Chief United States District Judge