# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-00016-GCM

RONALD MCCLARY,

    Plaintiff,

v.

KEN POTEAT,
MICHAEL BUTLER,

    Defendants.

**ORDER**

    **THIS MATTER** is before the Court on two filings submitted by Plaintiff Ronald McClary (ECF No. 96 & 97) and one letter addressed to chambers (ECF No. 98). McClary's first two filings raise issues that are irrelevant at this stage of the proceedings, that are duplicative of prior requests or claims, that are too vague for the Court to determine the nature of the relief sought, or that are insufficient to warrant relief. For example, McClary raises questions about discovery and the scope of his case, although discovery has closed and trial is set in this matter for February 7, 2022. To the extent that McClary asks legal questions, the Court is not permitted to give him legal advice. McClary also asks for an evidentiary hearing, but the Court does not find that such a hearing is necessary to resolve any of the issues that he identified.[1]

    One issue raised in the filings warrants further discussion. McClary claims that he is being deprived of photo copying and carbon paper. Indigent litigants are generally required to cover their own litigation expenses. *See* 28 U.S.C. § 1915; *United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized

---

[1] McClary will have the opportunity to clarify technical issues (e.g. how to use courtroom technology) before jury selection on the first day of trial.

by Congress . . . ."). North Carolina prisons are not required to furnish copying services. However, DPS policy does require prisoners to receive access to carbon paper. *See* North Carolina Department of Public Safety, *Policy and Procedure Manual, Chapter G: Court Related Procedures*, at .0203(h). Such a policy may be necessary to provide prisoners with meaningful access to the courts. As a result, the Court will direct that Defendants ascertain whether McClary has access to carbon paper, and to notify the Court of their findings.

The Court now turns to McClary's letter to chambers. McClary has repeatedly been warned not to send letters to chambers. *See* ECF No. 44 at 1, ECF No. 90 at 8. Such communications are inappropriate, and all filings in this case should be addressed to the Clerk's office. Because McClary has repeatedly "ignored these previous admonitions," ECF No. 90 at 8, the Court will strike the letter. The Court also finds that the letter raises "redundant, immaterial" matter insofar as it (1) requests documents after the close of discovery; and (2) contains communications to opposing counsel that ought not to be filed on the docket. *See* Fed. R. Civ. P. 12(f).

**IT IS THEREFORE ORDERED** that the Motion to Compel Evidentiary Hearing (ECF No. 97) is **DENIED.** The letter sent to chambers (ECF No. 98) is **STRICKEN** from the docket. Counsel for Defendants shall **FILE A NOTICE** advising the Court of McClary's access to carbon paper within ten (10) days.

**SO ORDERED**.

Signed: December 1, 2021

Graham C. Mullen
United States District Judge