IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00016-GCM

| | |
|---|---|
| RONALD MCCLARY,<br><br>**Plaintiff,**<br><br>v.<br><br>KEN POTEAT,<br>MICHAEL BUTLER,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Letter (ECF No. 99), Motion to Compel (ECF No. 101), Motion for Production of Documents (ECF No. 102), Judicial Notice (ECF No. 103), Motion to Take Depositions (ECF No. 104), and Judicial Notice (ECF No. 105).

Ronald McClary is an incarcerated pro se plaintiff. He filed a civil rights action under 42 U.S.C. § 1983, alleging that a guard sexually assaulted him on March 14, 2018. The Court previously denied Defendants' motion for summary judgment, and the matter is set for trial in February 2022.

First, the Court addresses McClary's letter (ECF No. 99). That document asks how to serve subpoenas to witnesses. The Court will construe this request as a motion to issue witness subpoenas. In such a motion, the Plaintiff must (1) provide adequate information about each witness, such that the Court may conclude that the subpoenas are being issued for permissible purposes; (2) identify those witnesses by name and address so that they can be located and served; and (3) demonstrate that he can pay the costs of securing those witnesses' attendance at trial. *See* Fed. R. Civ. P. 45(b)(1) (requiring fees and mileage for the issuance of subpoenas); 28 U.S.C. § 1821(f) (witness fees do not apply to incarcerated witnesses); *Pickens v. Lewis*, No. 1:15-cv-275-

FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) ("Ordinarily, the plaintiff must bear the costs of his litigation . . . even in pro se cases."). Because McCrary has not provided the requisite information for this Court to issue subpoenas, the motion will be denied without prejudice. McCrary may file another motion that includes the required information.

McClary next moves to compel Defendants to permit him to make copies in order to comply with this Court's pretrial order (ECF No. 101). That motion will be denied. As the Court has previously indicated, North Carolina prisons are not required to furnish copying services. *See* ECF No. 100 at 2. The Court assures McClary that any necessary copies can be made at trial, and that McClary will not be penalized for failing to provide the correct number of copies under the pretrial order.

Next, McClary moves for production of documents (ECF No. 102), and further moves to take the depositions of five individuals, none of whom are defendants (ECF No. 104). Discovery in this case is closed, so the Court will deny both motions.

Finally, McClary filed two documents styled "Judicial Notice" (ECF Nos. 103 & 105). Among other things, these documents seek clarification on the status of a video which depicted the events at issue. McClary claims the video, which represents "the most vital piece of evidence" in his case, was "purposely destroyed" by the defendants. McClary has raised the issue of this video before on numerous occasions. *See, e.g.*, ECF Nos. 64, 65, 70, 82, 83. It seems that Defendants produced a video from May 18, 2018, and submitted that video in support of their motion for summary judgment. However, as the Court noted at summary judgment, Defendants did not disclose a video from May 14, 2018, despite the fact that McCrary plainly alleged that was the date of the incident in question. To date, it does not appear that the video from May 14, 2018 has been produced.

Defendants shall advise the Court in writing within 10 days if the video exists. If the video does not exist, Defendants shall explain why the video does not exist. If it exists, the video shall be produced within 14 days to the Court and made available to Plaintiff for viewing.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Issue Witness Subpoenas (ECF No. 99) is **DENIED WITHOUT PREJUDICE**.
2. The Motion to Compel (ECF No. 101) is **DENIED**.
3. The Motion for Production of Documents (ECF No. 102) is **DENIED**.
4. The Motion to Take Depositions (ECF No. 104) is **DENIED**.
5. Defendants shall **FILE A NOTICE** within **10 DAYS** of the entry of this Order, advising the Court as to the status of the video. If the video exists, Defendants shall **PRODUCE** the video within **14 DAYS** of the entry of this Order to the Court and the Plaintiff.[1]

**SO ORDERED.**

Signed: December 8, 2021

Graham C. Mullen
United States District Judge

---

[1] Defendants shall send a copy of the video to the Plaintiff's current facility, make the video available for the Plaintiff's viewing, and file an Acknowledgement of viewing signed by the Plaintiff after he has had the opportunity to view the video.