# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-00016-GCM

| | |
|---|---|
| RONALD MCCLARY,<br><br>**Plaintiff,**<br><br>v.<br><br>MICHAEL BUTLER,<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff Ronald McClary's Motion for Reconsideration (ECF No. 109), Second Motion for Reconsideration (ECF No. 112), Judicial Notice (ECF No. 114), Response (ECF No. 115), Judicial Notice (ECF No. 117), Amended Response (ECF No. 118), and Motion to Compel (ECF No. 119).

McClary seeks reconsideration of the Court's Orders of December 1 and December 8. *See* ECF No. 100, 107, 109, 112, 114. The reconsideration motions simply reiterate the contents of the original motions, and the Court will deny them as duplicative. In his filings, McClary also insists that an evidentiary hearing is required to address a "false video" offered in discovery by counsel for the Defendant. Defendant previously produced a video from May 18, 2018 in discovery, not May 14, 2018 as Plaintiff alleged in his complaint. The Court has already inquired into this incident, ordering Defendant to turn over any existing video from May 14, 2018. Defendant states that the video from May 14 no longer exists, explaining that it was not archived because Plaintiff initially told prison officials that the incident occurred on May 18. *See* ECF No. 113-1. At this point, the Court will not take any further action absent evidence of spoliation by McClary. McClary is free to make arguments at trial related to the absence of video evidence.

The Court now turns to McClary's motion for issuance of subpoenas (ECF No. 115). McClary's motion does not give sufficient information about each witness for the Court to determine whether the anticipated testimony will be relevant. Nor does it identify witness addresses, although McClary also moves to compel the provision of that information (ECF No. 119). The Court concludes that the present motion must be denied, but will order a telephonic hearing for McClary to renew his motion and provide more explanation.

At the hearing, the Plaintiff must (1) provide adequate information about each witness, such that the Court may conclude that the subpoenas are being issued for relevant and permissible purposes; (2) identify those witnesses by name and address so that they can be located and served; and (3) demonstrate that he can pay the costs of securing those witnesses' attendance at trial. *See* Fed. R. Civ. P. 45(b)(1) (requiring fees and mileage for the issuance of subpoenas); 28 U.S.C. § 1821(f) (witness fees do not apply to incarcerated witnesses); *Pickens v. Lewis*, No. 1:15-cv-275-FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) ("Ordinarily, the plaintiff must bear the costs of his litigation . . . even in pro se cases.").

**IT IS THEREFORE ORDERED** that:

1. The Motion for Reconsideration (ECF No. 109) is **DENIED.**

2. The Second Motion for Reconsideration (ECF No. 112) is **DENIED**.

3. The Motion for Issuance of Subpoenas (ECF No. 115) is **DENIED WITHOUT PREJUDICE**.

4. The Motion to Compel Proposed Witness Addresses (ECF No. 119) is **DENIED**.

5. The Clerk shall **REQUEST** Plaintiff's current inmate trust account statement from NCDPS.

6. The Clerk shall **CALENDAR A TELEPHONIC HEARING** for January 13, 2022, at 10:15 am.

7. Defendant shall **MAKE ALL NECESSARY ARRANGEMENTS** for Plaintiff to be present at the telephonic hearing.

**SO ORDERED**.

Signed: January 4, 2022

Graham C. Mullen
United States District Judge