IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00016-GCM

| | |
|---|---|
| RONALD MCCLARY, | |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL BUTLER, | |
| Defendant. | |

**THIS MATTER** comes before the Court on Plaintiff Ronald McClary's motion for issuance of trial subpoenas (ECF No. 115),[1] and his oral motion for subpoenas made at a telephonic conference on January 13, 2022. For reasons that are explained in more detail below, the Court will grant the motions in part and deny them in part.

## I. BACKGROUND

This is a prisoner civil rights suit. Ronald McClary, a pro se plaintiff, alleges that Defendant Michael Butler, a guard at Alexander Correctional Institution, sexually assaulted him on March 14, 2018. McClary claims that during breakfast time, Butler reached through the trap door of his cell and "grabbed my crotch and squeezed my penis real hard with my testicles." ECF No. 82-1 at 2.

A second incident allegedly occurred on May 18, 2018. Defendant Butler was passing out forms for inmates to purchase items from the canteen. According to McClary, Butler did not give McClary a canteen form. When McClary asked why, "[Butler] said I would have to masturbate in

---

[1] McClary styled this filing as a "Response to Court Order of Issuance of Subpoenas." The Court liberally construes it as a motion for issuance of trial subpoenas. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (instructing courts to construe pro se documents liberally).

front of him in order to get a canteen form." ECF No. 76-4 at 11. McClary sued Butler as to both incidents under 42 U.S.C. § 1983, alleging that he was sexually abused in violation of the Eighth Amendment. McClary's suit survived summary judgment as to his individual capacity claims against Butler. *See* ECF No. 90 at 19. The matter is set for trial on February 7, 2022.

## II. DISCUSSION

Ronald McClary seeks the testimony of nine witnesses at trial. Each is affiliated with the North Carolina Department of Public Safety (DPS). The nine witnesses are: (1) Christine Fox; (2) Chad Clifton; (3) Ken Poteat; (4) Glen Link; (5) Elizabeth Powell; (6) Ken Beaver; (7) Christopher Walker; (8) Ben Carver; and (9) Captain Wesley Hester.[2]

In order for the Court to issue subpoenas, Plaintiff must (1) provide adequate information about each witness, such that the Court may conclude that the subpoenas are being issued for relevant and permissible purposes; (2) identify those witnesses by name and address so that they can be located and served; and (3) demonstrate that he can pay the costs of securing those witnesses' attendance at trial. *See* Fed. R. Civ. P. 45(b)(1) (requiring fees and mileage for the issuance of subpoenas); 28 U.S.C. § 1821(f) (witness fees do not apply to incarcerated witnesses); *Pickens v. Lewis*, No. 1:15-cv-275-FDW, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) ("Ordinarily, the plaintiff must bear the costs of his litigation . . . even in pro se cases.").

Based on the information provided by McClary, the Court will grant subpoenas for only two of the prospective witnesses: Christine Fox and Ben Carver. Christine Fox was a nurse supervisor at Alexander CI who can testify that McClary was not permitted to seek medical treatment following the alleged incident on May 14, 2018. Ben Carver was an Assistant Warden who was involved in the investigation into McClary's sexual abuse allegation. He submitted an

---

[2] Captain Hester was not included in the earlier written motion. *See* ECF No. 115.

affidavit in support of the motion for summary judgment, and possesses familiarity with prison policies related to sexual abuse. The Court finds that subpoenas for these two witnesses would likely serve relevant and permissible purposes and that these witnesses are readily subject to service. During the conference, McClary did not demonstrate his ability to pay for in-person witness attendance. *See* Fed. R. Civ. P. 45(b)(1) (requiring fees and mileage for the issuance of subpoenas). However, it appears that no costs will be associated with the issuance of subpoenas because—as the Court explains in more detail below—Fox and Carver will appear by videoconferencing means.

The Court will not issue subpoenas for the seven other prospective witnesses. McClary seeks the testimony of multiple witnesses—Ken Poteat, Glen Link, Elizabeth Powell, Christopher Walker—to "show the corruption" in DPS, and in support of new allegations that his constitutional rights have been violated. The Court will not permit McClary to amend his complaint at this late stage. *See generally* Fed. R. Civ. P. 15 (governing amendments); 28 U.S.C. § 1915(e)(2) (requiring frivolity review). Accordingly, the Court will deny subpoenas as to Poteat, Link, Powell, and Walker.

Other witnesses—Chad Clifton and Ken Beaver—do not appear to have any personal knowledge of the incident at issue, and only learned about it after the fact. Their testimony is not likely to be relevant or permissible. The Court will deny subpoenas as to Clifton and Beaver.

Finally, Captain Hester's testimony is sought solely to relitigate the issue of missing evidence—specifically, the fact that DPS erroneously produced a video from May 18, 2018 instead of May 14, 2018.[3] The Court reiterates to Mr. McClary that he is free to argue the absence of the

---

[3] The details of this episode have been recited numerous times, most recently in the order setting the telephonic conference. *See* ECF No. 122 at 1; *see also* ECF No. 107 at 2; ECF No. 113. The Court does not repeat them here.

video during the trial. The Court is disinclined, however, to transform the trial into a discovery dispute. The motion for subpoenas as to Hester is denied.

The Court will order that Fox and Carver testify by means of videoconferencing technology. Rule 43(a) of the Federal Rules of Civil Procedure permits "testimony in open court by contemporaneous transmission from a different location" when there is "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a).

The Court finds that "good cause in compelling circumstances" exists here. The ongoing COVID-19 pandemic imposes extreme strain on state prison officials. Requiring Fox and Carver to appear for live testimony would deprive their host facilities of their services at a time when prison personnel are spread dangerously thin. It would also present unnecessarily heightened public health risks to jurors, court personnel, and staff and inmates at the witness' host facilities. *See* Centers for Disease Control and Prevention, *For People Living in Prisons and Jails*, https://www.cdc.gov/coronavirus/2019-ncov/downloads/needs-extra-precautions/For-People-Living-in-Prisons-and-Jails.pdf (November 8, 2021) (explaining that jails and prisons involve higher risk for COVID-19).

The Court is satisfied that "appropriate safeguards" will be in place. McClary will be physically present for trial, and will have the same ability to see and hear his witnesses as everyone else in the courtroom. Jurors will be able to assess each witness' credibility by observing facial expressions and body language, and by listening to the timbre of the witness' responses. And both parties will have the ability to conduct direct and cross examinations. *See Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011). To avoid potential technological issues, the Court will order that the Clerk's office conduct tech rehearsals with Fox and Carver before the date of trial. Finally,

the Court will give a jury instruction explaining that video testimony and in-person testimony is subject to equal consideration. *See Allen v. Wine*, 297 F. App'x 524, 533 (7th Cir. 2008).

III. **ORDER**

**IT IS THEREFORE ORDERED** that:

1. The Motion for Issuance of Subpoenas (ECF No. 115) is **GRANTED IN PART** and **DENIED IN PART**, as stated in this Order.

2. The oral motion for a subpoena as to Captain Hester is **DENIED**.

3. The Clerk is **DIRECTED** to transmit subpoenas for Christine Fox and Ben Carver to counsel for the Defendant, who will accept service.

4. No later than January 25, 2022, counsel for Defendants shall **PROVIDE CONTACT INFORMATION** for Christine Fox and Ben Carver in order to conduct a technological rehearsal and troubleshoot video conferencing technology.

5. The Clerk is directed to **CONDUCT TECHNOLOGICAL REHEARSALS** with Christine Fox and Ben Carver no later than February 3, 2022.

Signed: January 20, 2022

Graham C. Mullen
United States District Judge