# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-00016-GCM

| | |
|---|---|
| RONALD MCCLARY, | |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL BUTLER, | |
| Defendant. | |

**THIS MATTER** comes before the Court on pro se Plaintiff Ronald McClary's Motion to Recuse (ECF No. 137). For reasons explained below, the Court will deny the motion.

## I. BACKGROUND

Ronald McClary is an incarcerated pro se plaintiff. In his civil action, brought under 42 U.S.C. § 1983, McClary alleges sexual abuse by a prison guard, Defendant Michael Butler. The matter is set for trial on February 7, 2022.

McClary filed the present recusal motion on January 13, 2022.[1] The Court liberally construes the motion as a motion to recuse under 28 U.S.C. § 455(a).[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (instructing courts to liberally construe pro se pleadings).

---

[1] The motion was docketed on January 21, 2022. Under the prisoner mailbox rule, inmate pleadings are considered "filed" when they are given to the prison authorities for mailing. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991).

[2] The Court notes that the motion could also be construed as a motion under 28 U.S.C. § 144. However, that statute has procedural requirements that are not met here. *See* 28 U.S.C. § 144 (requiring an affidavit and a certificate stating that the affidavit is made in good faith). In any event, the legal standards discussed here are essentially the same for both statutes. *See United States v. Farkas*, 149 F. Supp. 3d 685, 692 (E.D. Va. 2016).

In his motion, McClary accuses the Court of "a clear bias and [a] conflict," urging that the Court's decisions show "obvious favor" to Defendant. ECF No. 137 at 3. McClary principally objects to adverse rulings by the Court, noting that his motions have been "routinely dismissed [though] on legal solid ground." *Id*. at 2. McClary urges that the Court has "shown a bias," explaining that (1) the Court has not sanctioned Defendant's counsel; (2) the Court has denied motions to compel; (3) the Court granted subpoenas for two out of eight witnesses sought to testify at trial; and (4) the Court did not take up other pending pretrial motions at the telephonic conference on issuance of subpoenas. McClary concludes: "All this is sabotaging [Plaintiff's] case with all the adverse rulings and silent on the malfeasance and obstruction of justice by counsel and prison officials." *Id*. at 3.

## I. LEGAL STANDARD

A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing 28 U.S.C. § 455(a)). The test is an objective one: if a reasonable person would have a reasonable basis for doubting the judge's impartiality, then recusal is required. *See id*. (citing *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). A presiding judge does not, however, have to recuse himself simply because of "unsupported, irrational or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). Finally, "[a]dverse judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *McClain v. Warden, Turbeville Corr. Inst.*, 805 F. App'x 221, 222 (4th Cir. 2020) (per curiam) (citing *Litesky v. United States*, 510 U.S. 540, 555 (1994)).

## II. DISCUSSION

2

As a preliminary matter, the Court first concludes that it may resolve the motion without referring it to another judge. *See United States v. Ciavarella*, 716 F.3d 705, 720 (3d Cir. 2013) (cleaned up) ("[U]nder § 455(a), discretion is confided in the district judge in the first instance to determine whether to disqualify himself because the judge presiding over a case is in the best position to appreciate the implications of those matters resolved in a recusal motion . . . ."). Because the Court is most familiar with the procedural history at issue here, referral is not necessary.

The Court now turns to the merits of that motion. McClary solely alleges bias by the undersigned in actions taken—or not taken—throughout the conduct of this case. For example, McClary complains about the Court's rulings on various other motions, all the while being "silent on the malfeasance and obstruction of justice by counsel and prison officials." ECF No. 137 at 3. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id*.

So it is here. McClary may disagree with the undersigned's rulings. But the mere fact that McClary's motions are not having the desired results does not entitle him to a different judge, absent some showing of bias or partiality. That showing has not been made.

### III.    ORDER

**IT IS THEREFORE ORDERED** that the Motion to Recuse (ECF No. 137) is **DENIED**.

**SO ORDERED**.

Signed: January 24, 2022

Graham C. Mullen
United States District Judge

3

Case 5:19-cv-00016-GCM   Document 138   Filed 01/24/22   Page 3 of 3