IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00016-GCM

| | |
|---|---|
| RONALD MCCLARY, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BUTLER, <br><br> Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on eight pending pretrial motions filed by Ronald McClary, an incarcerated pro se plaintiff (ECF Nos. 120, 124, 132, 139, 141, 142, 143, 144).

In McClary's first motion, styled as a motion in limine, (1) McClary asks whether he will be permitted to testify in a narrative format; and (2) whether he can treat prison officials as hostile witnesses during his direct examinations. *See* ECF No. 120. The Court will permit McClary to testify in a narrative format, recognizing that McClary is pro se. However, the Court reserves judgment on whether McClary's witnesses are hostile until trial. For that reason, the motion will be granted in part and denied in part without prejudice.

The second motion, styled as a "motion for leave," seeks permission to describe the missing video during opening statements and to accuse opposing counsel of misconduct. *See* ECF No. 124. The Court will not rule on the admissibility of the opening statement without hearing it, and will therefore deny the motion as premature.

McClary's third motion seeks a "gag order" enjoining his prison guard escorts from telling anyone at Scotland Correctional Institution what they see or hear at trial. *See* ECF No. 132. He alleges that he will face retaliation from prison officials following the trial. The Court liberally

construes this motion as a motion for a closed trial.[1] See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (instructing courts to liberally construe pro se pleadings).

The public has a First Amendment right of access to civil trials. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 & n.4 (4th Cir. 1988); *ACLU v. Holder*, 673 F.3d 245, 252 (4th Cir. 2011) ("[M]ost circuit courts, including the Fourth Circuit, have recognized that the First Amendment right of access extends to civil trials and some civil filings."). "Where the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling government interest, and only if the denial is narrowly tailored to serve that interest." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of overcoming the First Amendment right of access "rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*; *see also Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion.").

Here, McClary has only made only conclusory assertions that he will face retaliation. Absent more specific information, the Court cannot conclude that McClary has met his burden of displacing the First Amendment right of public access to the trial. The motion will be denied without prejudice. If McClary can establish more particularized grounds for the motion, he may do so at the pretrial conference on the first day of trial.

McClary's fourth motion seeks sanctions against opposing counsel for failure to comply with the Court's pretrial order directing the parties to confer about the possibility of settlement. *See* ECF No. 139. The Court will not, in its discretion, levy sanctions against counsel. The

---

[1] Participant gag orders restrict participants from discussing the case during the pendency of the case. Here, McClary seeks an order enjoining *non-participants* from discussing a trial that has concluded. It appears that what McClary wants is for the trial to be closed to the public.

motion will be denied. So will McClary's fifth motion, which is essentially duplicative in that it urges sanctions for noncompliance with the pretrial order. *See* ECF No. 144.

McClary's sixth motion seeks assistance in preparing an opening statement. *See* ECF No. 141. The Court is not permitted to give McClary legal advice, and this motion accordingly must be denied.

McClary's seventh motion asks for no relief, but merely recites a litany of complaints about the fairness of the tribunal. *See* ECF No. 142. The motion will be stricken as improper and frivolous.

Finally, McClary seeks a writ of mandamus. *See* ECF No. 143. Although it is difficult to tell what McClary is asking for, it appears that he wants a writ of mandamus to be issued to Defendant's counsel to order him to confer before the date of the trial. The Court may not issue such a writ for two reasons. First, the federal mandamus statute does not permit writs of mandamus to be issued to state officials. *See AT&T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n.3 (4th Cir. 1999) (citing 28 U.S.C. § 1361). And second, mandamus applies only to ministerial functions, not to discretionary functions. *See In re Feurtado*, 5 F. App'x 274, 275 (4th Cir. 2001).

**IT IS THEREFORE ORDERED** that:

1. The Motion in Limine (ECF No. 120) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**, as stated in this Order.

2. The Motion for Leave During Opening Statement (ECF No. 124) is **DENIED AS PREMATURE.**

3. The Motion for Gag Order (ECF No. 132) is **DENIED WITHOUT PREJUDICE**.

4. The Motion for Sanctions (ECF No. 139) is **DENIED**.

5. The Motion for Leave (ECF No. 144) is **DENIED AS DUPLICATIVE**.

6. The Motion for Leave (ECF No. 141) is **DENIED**.

7. The Motion for Leave to Respond (ECF No. 142) is **STRICKEN**.

8. The Motion for Writ of Mandamus (ECF No. 143) is **DENIED**.

**SO ORDERED**.

Signed: February 3, 2022

Graham C. Mullen
United States District Judge