IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00016-GCM

| | |
|---|---|
| RONALD MCCLARY, | |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL BUTLER, | |
| Defendant. | |

**THIS MATTER** comes before the Court on Plaintiff Ronald McClary's Motion for Transcripts (ECF No. 164).[1] McClary, a state prisoner, sued Michael Butler, a prison guard, for sexual abuse in violation of 42 U.S.C. § 1983. A jury returned a verdict for Butler on February 8, 2022. McClary now seeks transcripts from trial and from a telephonic conference on issuance of trial subpoenas. In support of his motion, McClary assets that the transcripts are needed for his pending appeal to the U.S. Court of Appeals for the Fourth Circuit. He states that the "transcripts are needed to cite the errors by the court." ECF No. 164 at 1.

As a preliminary matter, the Court considers whether it has jurisdiction to resolve McClary's motion, given that an appeal in this case is pending. *See* ECF No. 160. An appeal divests a trial court of jurisdiction over those aspects of the case involved in the appeal. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999). However, an appeal does not prevent the district court from proceeding with matters not involved in the appeal. *See* 20 Moore's Federal Practice –

---

[1] The motion is styled as a petition for a writ of mandamus. However, the Court liberally construes the pleading as a motion for a transcript at government expense. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (instructing courts to construe pro se documents liberally).

Civil § 303.32(2)(b)(iv) (2021). Nor does it prevent the trial court from proceeding "as to matters in aid of the appeal." *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991). The Court concludes that resolving the present motion is "in aid of the appeal," as deciding the issue "avoid[s] the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Id.* As a result, the Court will resolve this motion.

Ordinarily, court reporters charge fees for providing transcripts of court proceedings. *See* 28 U.S.C. § 753(f). However, when a litigant is permitted to proceed *in forma pauperis* on appeal, the transcript fees may be paid by the government of the United States "if the trial judge or a circuit judge certifies that the appeal is not frivolous," and the appeal "presents a substantial question."[2] *See id.*; *Gholson v. Trent*, No. 94-6216, No. 94-6316, No. 94-6552, 1995 U.S. App. LEXIS 426, at *9 (4th Cir. Jan. 11, 1995). An indigent is not, however, "entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." *See Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152 (4th Cir. 1972) (citations omitted). A generalized statement that the trial is needed "for appeal purposes" will not establish the requisite showing. *Gholson*, 1995 U.S. App. LEXIS 426, at *9–10.

The Court turns to McClary's motion. First, insofar as McClary requests a transcript of the telephonic conference, the motion will be denied as moot. No court reporter was present for this conference, consistent with the Court's ordinary practice for telephonic conferences. The request for a trial transcript also must be denied because the Court is unable to ascertain whether the appeal "presents a substantial question," given McClary's vague statement that the transcript is needed to "cite the errors by the Court." ECF No. 164 at 1. This generalized statement is akin to the explanation ("for appeal purposes") rejected in *Gholson*. However, denial of the trial transcript

---

[2] The statutory language further buttresses the Court's jurisdictional findings.

will be without prejudice. McClary may submit a more detailed motion giving the grounds for his appeal and further explaining his need for the transcript.

**IT IS THEREFORE ORDERED** that the Motion for Transcripts (ECF No. 164) is **DENIED IN PART AS MOOT** and **DENIED IN PART WITHOUT PREJUDICE**, as stated in this Order.

**SO ORDERED**.

Signed: March 21, 2022

Graham C. Mullen
United States District Judge