# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-00016-GCM

| | |
|---|---|
| **RONALD MCCLARY,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **MICHAEL BUTLER,** | |
| Defendant. | |

**THIS MATTER** comes before the Court on Plaintiff Ronald McClary's "Motion for Reconsideration" (ECF No. 167). The Court liberally construes the motion as a renewed motion for transcripts at government expense, and will grant the motion.

Ronald McClary is an incarcerated plaintiff. He sued Michael Butler, a prison guard, for alleged sexual abuse. McClary's case went to trial, and a jury unanimously returned a verdict in favor of Butler. While his appeal was pending, McClary sought a writ of mandamus from this Court directed to the Clerk's Office, ordering the Clerk's Office to provide him with transcripts at no cost.[1] *See* ECF No. 164. The Court liberally construed his mandamus petition (a duplicate of which is pending in the Fourth Circuit) as a motion for transcripts at government expense under 28 U.S.C. § 753(f). *See* ECF No. 165; *see also* USCA Case No. 22-1314. Under that statute, transcripts may be provided to litigants proceeding *in forma pauperis* "if the trial judge or a circuit judge certifies that the appeal is not frivolous," and the appeal "presents a substantial question." *See id.*; *Gholson v. Trent*, No. 94-6216, No. 94-6316, No. 94-6552, 1995 U.S. App. LEXIS 426,

---

[1] The Court previously concluded that it had jurisdiction over McClary's motion as resolution of the motion was "in aid of the appeal." *See* ECF No. 165 at 1–2. The Court has jurisdiction over the present motion for the same reason.

at *9 (4th Cir. Jan. 11, 1995). Because the Court was unable to ascertain whether McClary met the requisite showing, the Court denied McClary's first motion without prejudice and invited him to file another motion providing a more detailed factual basis.[2] ECF No. 165 at 3.

McClary has now done so. He states that the Court "cut off" his opening statement after he uttered the word "corruption," and prevented him from "citing the facts of corruption." ECF No. 167 at 4. He claims that the Court impermissibly vouched for the other party and demonstrated partiality during the trial. *See id*. Because McClary points with reasonable specificity to what he alleges are abuses of discretion in the undersigned's handling of his trial, the Court is satisfied for purposes of this motion only that McClary's appeal is not frivolous and presents a sufficiently substantial question. *See Handley v. Union Carbide Corp.*, 622 F. Supp. 1065, 1067 (S.D.W. Va. 1985) (defining "substantial question" as "reasonably debatable").

**IT IS THEREFORE ORDERED** that:

1. The Court **CERTIFIES** that McClary's proffered reasons for appeal satisfy the requirements of 28 U.S.C. § 753(f), and **GRANTS** the "Motion for Reconsideration" (ECF No. 167) as construed in this Order.

2. The Clerk is **DIRECTED** to provide Mr. McClary with a trial transcript at no cost.

3. The Clerk is requested to **TRANSMIT** a copy of this Order to the Clerk for the U.S. Court of Appeals for the Fourth Circuit.

**SO ORDERED**.

Signed: March 31, 2022

Graham C. Mullen
United States District Judge

---

[2] The Court also denied as moot McClary's motion for a transcript of a telephonic conference, as no such transcript existed. *See* ECF No. 165 at 2.